■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RAMIREZ, Appellant. [606 NYS2d 194] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered October 18, 1991, convicting defendant, after a jury trial, of rape in the first degree (two counts), incest, and endangering the welfare of a child, and sentencing him to concurrent prison terms of 3 to 9 years (twice), 1 to 3 years, and 1 year, respectively, unanimously affirmed.

Defendant's challenge to the trial court's curative instructions directing the jury to disregard all testimony of acts of sexual abuse occurring "outside the court's jurisdiction" is unpreserved for appellate review as a matter of law, defendant having failed to request further curative instructions (CPL 470.05 [2]; *see, People v Russell,* 179 AD2d 521, 522), and we decline to review in the interest of justice. Were we to review, we would find that the court's instructions, which the jury is presumed to have followed, were adequate *(supra; see also, People v Rodriguez,* 103 AD2d 121, 129). Defendant's other points are without merit. It was not an abuse of discretion to permit an expert witness, who otherwise would have been unavailable, to testify out of turn *(see, People v Olsen,* 34 NY2d 349, 353). The court's *Sandoval* ruling was clearly proper, since it permitted the People to elicit only the fact of a prior conviction that was then still pending on appeal, and not any of the circumstances underlying it *(compare, People v Chambers,* 184 AD2d 716, 717-718). The victim's testimony was clear and unequivocal, and the verdict was not against the weight of the evidence. Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.