■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CARR, Appellant. [618 NYS2d 379] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered March 3, 1992, convicting him of assault in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the count of the indictment charging the defendant with endangering the welfare of a child is dismissed, and a new trial is ordered on the count of the indictment charging the defendant with assault in the second degree.

The defendant was arrested after he allegedly accosted the complainant while she was walking her son to school. After displaying a knife and threatening to cut her if she made "one move", the defendant followed the complainant to the entrance of her son's classroom, where he cut her in the face and beat her with his hands. At the trial, the prosecution was permitted to present evidence of the defendant's prior convictions involving criminal behavior towards the same complainant in order to prove intent. This was error.

"Evidence of prior criminal acts to prove intent [is] often * * * unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself" *(People v Alvino,* 71 NY2d 233, 242; *see also, People v Jackson,* 193 AD2d 621, 622). In the case at bar, whether or not the defendant previously assaulted the complainant had a greater prejudicial impact than probative value on the issue of the defendant's intention to seriously injure her on this occasion, and only served to establish the defendant's criminal propensities *(see,*

*People v Hudy,* 73 NY2d 40, 54-55; *People v Sessions,* 181 AD2d 842).

In addition, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt of endangering the welfare of a child. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.