■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVARO NEGRETTE, Appellant. [630 NYS2d 780] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered October 23, 1992, convicting him of sexual abuse in the first degree, sexual abuse in the third degree (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The County Court did not err in admitting evidence of the defendant's prior acts of sexual contact against the older complainant. That evidence was probative of the older complainant's state of mind and was relevant to the element of lack of consent under the charge of sexual abuse in the third degree *(see generally, People v Lewis,* 69 NY2d 321, 327; *People v Naylor,* 196 AD2d 320, 323).

We find unpersuasive the defendant's contention that the court improperly precluded him from presenting evidence of the younger complainant's alleged past sexual experiences to explain medical testimony that the younger complainant exhibited physical signs of sexual abuse *(see,* CPL 60.42 [3]). The defendant's offer of proof in this regard failed to establish a good-faith basis that the proffered testimony would be probative of the younger complainant's purported sexual history *(see, People v Concepcion,* 175 AD2d 324, 326). Rather, the evidence offered by the defendant consisted entirely of speculation, innuendo, and rumor.

The defendant's remaining claims of error are unpreserved for appellate review, without merit, or harmless under the circumstances of this case. Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.