■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GALVIN, Appellant. [676 NYS2d 626] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered December 4, 1995, convicting him of criminal contempt in the second degree and resisting arrest, upon a jury verdict, and failure to obey a stop sign, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a former police officer, contends that his conviction for resisting arrest must be reversed on the ground that the People failed to prove that he was aware that the detectives who were pursuing him by car and on foot were attempting to arrest him. However, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of resisting arrest beyond a reasonable doubt. The police need not specifically inform a defendant that he is under arrest. His awareness that he is being arrested may be proven, as was done here, from inferences logically drawn from the attendant facts and circumstances (*see, People v Urena,* 199 AD2d 443; *People v Gray,* 189 AD2d 922). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant further contends that the court's *Sandoval* ruling was improper since it permitted the People to question him about two prior misdemeanor convictions then pending on appeal, which arose from similar stalking conduct in violation of an order of protection. However, the court limited the prosecutor's inquiry to whether the defendant was convicted of two crimes and precluded inquiry in the first instance into the nature of the crimes or the underlying facts. A court may permit questioning on a prior conviction pending on appeal, as long as the inquiry is limited to the fact of the conviction, and not the underlying facts (*see, People v Ramirez,* 200 AD2d 377; *People v Mendez,* 197 AD2d 485; *compare, People v Chambers,* 184 AD2d 716).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Miller, J. P., Thompson, Joy and Florio, JJ., concur.