■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE JOHNSON, Appellant. [692 NYS2d 82] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered March 9, 1998, convicting him of intimidating a victim or witness in the third degree, criminal contempt in the first degree (five counts), endangering the welfare of a child (two counts), and menacing in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of endangering the welfare of a child (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal contempt in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to criminal contempt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact who saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84; *People v Martinez,* 186 AD2d 824). Here, the Trial Justice, sitting without a jury, was entitled to give great weight to the testimony of the complaining witness.

The court properly adjudicated the defendant as a second felony offender based on an out-of-State conviction of a crime which, if committed in New York, would be a felony (*see,* Penal Law § 165.45 [4]; *People v Muniz,* 74 NY2d 464; *People v Gonzalez,* 61 NY2d 586).

However, the evidence was legally insufficient to establish the defendant's guilt beyond a reasonable doubt of endangering the welfare of a child (*see, People v Carr,* 208 AD2d 855).

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.