■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRITZ EDME, Appellant. [706 NYS2d 341] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered December 4, 1997, convicting him of rape in the first degree (two counts), sexual abuse in the first degree (two counts), assault in the second degree, assault in the third degree (two counts), and endangering the welfare of a minor, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered June 3, 1998, modifying the sentence imposed on the convictions of sexual abuse in the first degree (two counts).

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of endangering the welfare of a minor, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed; and it is further,

Ordered that the amended judgment is affirmed.

The defendant moved to set aside the verdict convicting him of endangering the welfare of a minor, on the ground that the evidence was legally insufficient. The People consented to the dismissal, but the trial court denied the motion. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt of endangering the welfare of a minor (*see, People v Carr,* 208 AD2d 855; *see also, People v Johnson,* 261 AD2d 557; *People v Dash,* 264 AD2d 855).

However, the evidence was legally sufficient to establish the defendant's guilt of the remaining counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to the remaining counts was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.