■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VAN DUSER, Appellant. (Appeal No. 1.) [716 NYS2d 348] —Appeal unanimously dismissed (*see*, CPL 450.30 [3]). (Appeal from Judgment of Wayne County Court, Parenti, J.—Criminal Contempt, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VAN DUSER, Appellant. (Appeal No. 2.) [716 NYS2d 197] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment resentencing him on his conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), harassment in the second degree (Penal Law § 240.26 [1]), and disorderly conduct (Penal Law § 240.20 [3]). Defendant

contends that County Court erred in denying his motion to sever the count of disorderly conduct; that defendant's arrest violated the Fourth Amendment and that evidence obtained as a product of that arrest should have been suppressed; that the verdict finding defendant guilty of criminal contempt is against the weight of the evidence; that the court improperly limited cross-examination of the victim; and that the court improperly disallowed the testimony of a defense witness.

The court did not err in denying severance. The counts were properly joined under CPL 200.20 (2) (b), and the court had no discretion to sever them (see, CPL 200.20 [3]; *People v Bongarzone,* 69 NY2d 892, 895; *see also, People v Lane,* 56 NY2d 1, 7). The court properly denied defendant's suppression motion based on its finding that the victim had consented to the entry of the apartment, a finding not challenged by defendant. In any event, the exclusionary rule does not require suppression of evidence of defendant's commission of a new crime in the presence of the arresting officers (see, *People v Luffman,* 233 AD2d 726, 729, *lv denied* 89 NY2d 943; *United States v Pryor,* 32 F3d 1192, 1196; *United States v Waupekenay,* 973 F2d 1533, 1537; *United States v Garcia-Jordan,* 860 F2d 159, 160-161). The verdict finding defendant guilty of criminal contempt is not against the weight of the evidence (see, *People v Pizzaro,* 272 AD2d 344, *lv denied* 95 NY2d 837; *People v Johnson,* 261 AD2d 557, *lv granted* 94 NY2d 824).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Wayne County Court, Parenti, J.—Criminal Contempt, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.