THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILVERTON LAWRENCE, Appellant. [745 NYS2d 918]

The defendant contends that the evidence was legally insufficient to establish his guilt. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of the crimes of which he was convicted. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual power, we are satisfied that

the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the Supreme Court committed reversible error by permitting the People to elicit evidence of prior violent incidents involving the complainant and the defendant is without merit. The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant and explain the issuance of an order of protection, and as evidence of the defendant's motive and intent in the commission of the charged crimes (*see People v Alvino,* 71 NY2d 233; *People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264; *People v Howe,* 292 AD2d 542; *People v Shorey,* 172 AD2d 634). In light of the Supreme Court's limiting instruction, the probative value of this evidence outweighed any prejudicial effect (*see People v Foy,* 176 AD2d 893).

However, as correctly conceded by the prosecution, the two definite one-year terms of imprisonment for the convictions of criminal mischief in the fourth degree and assault in the third degree should run concurrently with the indeterminate sentence imposed on the conviction of criminal contempt in the first degree. Penal Law § 70.35 provides that "service of an indeterminate * * * sentence * * * shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate * * * sentence was imposed," and "contemplates that the definite and indeterminate sentences will be served concurrently" (*People v Leabo,* 84 NY2d 952, 953).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.