■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCOTT, Appellant. [769 NYS2d 570]—

Appeal by the defendant from a judgment of the County

Court, Westchester County (Angiolillo, J.), rendered February 14, 2002, convicting him of criminal contempt in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On January 11, 2001, the defendant was arraigned under Westchester County Indictment No. 00-01280 for certain conduct against his former spouse, and a temporary order of protection was issued against him. The order of protection was in effect until January 11, 2002. On May 10, 2001, the defendant pleaded guilty under that indictment to criminal possession of a weapon in the third degree.

While the defendant was incarcerated and awaiting sentence, he violated the order of protection by sending three separate mailings to his former spouse between May 18, 2001, and May 30, 2001. Thereafter, the defendant was charged under Westchester County Indictment No. 01-00859 with four counts of criminal contempt in the first degree in connection with those mailings. On January 4, 2002, the defendant appeared in the County Court with his attorney and pleaded guilty to two counts of criminal contempt in the first degree.

The defendant contends that his indictment for criminal contempt in the first degree is defective since the temporary order of protection expired upon the entry of his plea of guilty under Indictment No. 00-01280, and was, thus, a nullity. This contention, raised for the first time on appeal, is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this contention is also without merit since the defendant violated the terms of the temporary order of protection while the prior criminal action was still pending and prior to the imposition of sentence under that action (*cf. People v Bleau,* 276 AD2d 131 [2001]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, are without merit. Smith, J.P., Townes, Cozier and Mastro, JJ., concur.