■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HANSON, Appellant. [818 NYS2d 128]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered June 9, 2005, convicting him of criminal contempt in the first degree, criminal contempt in the second degree (three counts), stalking in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his request for a continuance to conduct a further investigation into the complainant's treatment for an anxiety disorder. The court properly determined, upon review of the available medical records, that there was no evidence that the complainant suffered from a distorted perception of reality or that her condition affected her ability to recall events (*see People v Middlebrooks*, 300 AD2d 1142, 1143 [2002], *cert denied* 544 US 966 [2005]; *People v Duran*, 276 AD2d 498 [2000]; *People v Byers*, 254 AD2d 494 [1998]), and the defendant made no showing that further investigation would be likely to result in the discovery of relevant evidence.

We also reject the defendant's contention that the court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was improper because it permitted the prosecutor to question him, in the event he took the stand, about a prior conviction which was then under appeal. A court may permit questioning with respect to a prior conviction which is pending on appeal, where, as here, the questioning is limited to the fact of the conviction, and not the circumstances underlying the conviction (*see People v Murphy*, 264 AD2d 786 [1999]; *People v Galvin*, 253 AD2d 437 [1998]; *People v Ramirez*, 200 AD2d 377 [1994]).

The court properly permitted the People to introduce evidence, inter alia, of the defendant's prior threatening telephone calls to the complainant. The challenged evidence was relevant to enable the jury to understand the defendant's relationship with the complainant, to explain the issuance of an order of protection, and to establish the defendant's motive and intent in the commission of the charged crimes (*see People v DeJesus*,

24 AD3d 464 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Doyle*, 15 AD3d 674 [2005]; *People v Ramsey*, 1 AD3d 538 [2003]; *People v Howe*, 292 AD2d 542 [2002]; *People v Wright*, 288 AD2d 409 [2001]).

The defendant's remaining contentions are without merit. Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.