THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AYMAN MARJI, Appellant. [841 NYS2d 361]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered December 8, 2005, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of prior bad acts involving the victim and the defendant. The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the victim and to establish the defendant's motive and intent in the commission of the charged crimes (*see People v Cook,* 93 NY2d 840 [1999]; *People v Alvino,* 71 NY2d 233 [1987]; *People v Melendez,* 8 AD3d 680, 681 [2004]; *People v Gordon,* 308 AD2d 461 [2003]; *People v Jones,* 289 AD2d 257 [2001]). Moreover, the probative value of that evidence outweighed any prejudice to the defendant, particularly in light of the court's cautionary instructions that the evidence was to be considered only on the issue of the defendant's motive and intent to commit the charged crimes (*see People v Melendez, supra; People v Williams,* 296 AD2d 560 [2002]). Accordingly, the Supreme Court providently exercised its discretion in admitting that evidence.

Moreover, the court properly exercised its discretion in admitting negative identification evidence. This evidence was rele-

vant to the issue of the identifying witness's reliability, and its probative value was not outweighed by any potential for prejudice (*see People v Wilder,* 93 NY2d 352, 357-358 [1999]; *People v Bolden,* 58 NY2d 741, 743-744 [1982]).

The defendant has not preserved for appellate review his contention that the police detectives' testimony regarding another witness's identification of him as the perpetrator of the charged crimes constituted improper bolstering (*see People v Nanton,* 18 AD3d 671, 672 [2005]; *People v Victor,* 271 AD2d 556 [2000]). In any event, the defendant opened the door to the testimony and, therefore, the testimony did not constitute improper bolstering (*see People v Norris,* 5 AD3d 796, 797 [2004]; *People v Martinez,* 1 AD3d 611 [2003]).

The defendant's contention that he was deprived of his right to confront witnesses against him is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rodriguez,* 28 AD3d 496 [2006]; *People v Cato,* 22 AD3d 863 [2005]). In any event, the prosecution was properly permitted to question the police detectives about the knowledge they derived from other persons for the nonhearsay purpose of rebutting the defense argument that the police had conducted a biased and incompetent investigation of the charged crimes, which opened the door to such testimony (*see People v Reynoso,* 2 NY3d 820, 821 [2004]; *People v Bryant,* 39 AD3d 768 [2007]; *People v Ewell,* 12 AD3d 616, 617 [2004]; *People v Ruis,* 11 AD3d 714, 714-715 [2004]). Further, the jury was repeatedly instructed by the court that the testimony was offered "not for the truth," and the jury is presumed to have followed such instruction (*see People v Davis,* 58 NY2d 1102, 1103 [1983]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.