■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL PEREZ, Appellant. [854 NYS2d 497]—

The trial court properly permitted the prosecution to introduce evidence of the defendant's prior acts of abuse against the complainant as background material to explain the nature of the defendant's relationship with the complainant and the reasons that an order of protection was issued, and to demonstrate that the defendant's violation of the order of protection was neither innocent nor inadvertent (*see People v Alvino,* 71 NY2d 233, 242 [1987]; *see also People v Martin,* 41 AD3d 616 [2007]; *People v Hanson,* 30 AD3d 537 [2006]; *People v Lawrence,* 297 AD2d 290 [2002]; *People v Howe,* 292 AD2d 542 [2002]).

The defendant's contention that the admission of such evidence deprived him of a fair trial is without merit. The court remedied any possible prejudice resulting from the evidence by instructing the jurors at the close of the complainant's testimony and in its charge that they should not consider the evidence as showing the defendant had a propensity to commit crimes but only to clarify the parties' relationship and demonstrate the defendant's intent to commit the charged crimes (*see People v Martin,* 41 AD3d 616 [2007]; *People v Hanson,* 30 AD3d 537 [2006]; *People v Lawrence,* 297 AD2d 290 [2002]).

The defendant's remaining contentions are without merit (*see People v Hanson,* 30 AD3d 537 [2006]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.