■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ROCK, Appellant. [882 NYS2d 907]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jaeger, J.), rendered November 17, 2006, convicting him of criminal contempt in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of the defendant's prior bad acts involving the complainant (*see People v Molineux,* 168 NY 264 [1901]). The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant, to explain the issuance of an order of protection, to establish the defendant's

motive in the commission of the crimes, and to establish the complainant's state of mind (*see People v Marji*, 43 AD3d 961, 961 [2007]; *People v Melendez*, 8 AD3d 680, 681 [2004]; *People v Lawrence*, 297 AD2d 290, 291 [2002]; *People v Howe*, 292 AD2d 542, 542 [2002]; *see generally People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Molineux*, 168 NY 264 [1901]). Moreover, the court's limiting instruction to the jury that the evidence was only to be considered "as background information and as to the issues of intent or motive," ensured that the probative value of the evidence outweighed any prejudice to the defendant (*see People v Melendez*, 8 AD3d at 681; *People v Lawrence*, 297 AD2d at 291).

The prosecutor's summation remarks were largely responsive to the defendant's summation (*see People v Martinez*, 58 AD3d 754, 755 [2009]; *People v Robinson*, 8 AD3d 502 [2004]; *People v Zhi Qiang Li*, 275 AD2d 803 [2000]). Insofar as any of the remarks were improper, they were harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Roopchand*, 107 AD2d 35, 36 [1985]). Further, contrary to the defendant's contention, the prosecutor did not violate the trial court's *Molineux* ruling in eliciting certain testimony from the complainant (*see People v Molineux*, 168 NY 264 [1901]; *People v Timmons*, 54 AD3d 883, 885 [2008]; *People v Anonymous*, 275 AD2d 210, 212 [2000]).

The prosecutor exceeded the bounds of the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 376 [1974]) by questioning the defendant regarding the nature of his conviction in 2005. Nonetheless, the prosecutor's misconduct was harmless since there was overwhelming evidence of the defendant's guilt and, in light of the defendant's prompt and sustained objections to the improper questioning, there was no significant probability that the misconduct contributed to the defendant's conviction (*see People v Berg*, 59 NY2d 294, 299-300 [1983]; *People v Crimmins*, 36 NY2d at 242; *People v Benloss*, 60 AD3d 686, 686-687 [2009]; *People v Gill*, 54 AD3d 965, 966 [2008]; *People v Duggins*, 1 AD3d 450, 451 [2003]).

Contrary to the defendant's contention, he received meaningful representation (*see Strickland v Washington*, 466 US 668, 688 [1984]; *see People v Turner*, 5 NY3d 476, 480 [2005]). Spolzino, J.P., Skelos, Dillon and Covello, JJ., concur.