■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY GAMBLE, Appellant. [899 NYS2d 207]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered November 19, 2004, convicting defendant, after a jury trial, of murder in the first and second degrees, and sentencing him to an aggregate term of life without parole, and 25 years to life, respectively, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The court properly exercised its discretion in precluding background information about one of the victims, offered by defendant to show that unknown persons may have had a motive to kill him. For the purpose of establishing, among other things, that defendant had a motive to kill the victims, the People had introduced evidence of a lengthy ongoing dispute between defendant and the victims, who lived in the apartment above his. Defendant sought to establish that one of the victims was a drug dealer, had offered to become a confidential informant, and had been beaten by unidentified persons approximately a year and a half before the homicide. The court properly concluded that this evidence was unduly speculative, and that its prejudicial effect outweighed its probative value (*see People v Primo*, 96 NY2d 351 [2001]). Defendant acknowledges that this evidence did not point to the culpability of any particular "third party," but argues that it was relevant to rebut that portion of the People's case that linked defendant to the crime by way of motive. Although the People's evidence of motive closely connected defendant, in particular, to the crime, it did not open the door to generalized, speculative evidence of possible motives by unidentifiable persons. Moreover, apart from defendant's testimony, there was no evidence suggesting that someone other than defendant was the killer. In any event, defendant was able to place some of this evidence before the jury in his own testimony. We also find no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *see also Spivey v Rocha*, 194 F3d 971, 978 [9th Cir 1999], *cert denied* 531 US 995 [2000] [exclusion of evidence of unknown parties' potential motives not constitutional error]).

Defendant has not shown that courtroom seating arrangements made for legitimate security reasons had any impact on his ability to communicate confidentially with his attorney during trial. Court officers guarding defendant sat somewhat closer to him than normal as the result of information, which defendant does not dispute, that he posed a safety risk. Defense counsel complained that these arrangements impeded confidential com-

munications, but her only request was that the officers "sit at the rail where their seats are normally positioned." The court properly exercised its discretion when it denied that request on the ground that moving the officers' chairs back to the courtroom rail would make a meaningless difference of only two or three inches, creating no enhanced confidentiality, and that the court didn't "understand what all the fuss was about." In the first place, defendant has not shown that the positioning of the officers' chairs enabled them to hear attorney-client conversations made in the quiet tones that would be expected during court proceedings, that the officers had any reason to listen to those conversations, or that they had any reason to repeat them to anyone. In any event, defendant has not shown how moving the officers two or three inches would have made any difference.

The People's uncharged crimes evidence was not excessive or inflammatory. Defendant's pattern of aggressive conduct toward the victims, including specific death threats and menacing with a handgun, was highly probative of motive and intent (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Bierenbaum*, 301 AD2d 119, 150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]), and it was not unduly prejudicial. We have considered and rejected defendant's remaining arguments on this subject.

Defendant did not preserve any of his challenges to the prosecutor's opening statement, cross-examination and summation. Defendant either failed to object, made generalized objections, or, when his objections were sustained, did not request any further relief, so that the court's curative action "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see also People v Medina*, 53 NY2d 951, 953 [1981]). We decline to review these claims in the interest of justice. As an alternative holding, we find that, to the extent there were isolated improprieties, the court's actions were sufficient to prevent any prejudice, and there is no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

Defendant's pro se claims are without merit.

We perceive no basis for reducing the sentence. However, as the People concede, since the crime was committed prior to the effective date of the legislation providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ.