■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MORRIS, Appellant. [918 NYS2d 198]—

The County Court providently exercised its discretion in permitting the People to elicit evidence of prior bad acts involving the defendant and the victim (*see People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Marji*, 43 AD3d 961 [2007]). The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the victim (*see People v Leeson*, 12 NY3d at 826-827; *People v Cook*, 93 NY2d

840 [1999]; *People v Marji*, 43 AD3d at 961) and to complete the narrative (*see People v Johnson*, 45 AD3d 606 [2007]; *People v Marji*, 43 AD3d at 961; *People v Le Grand*, 76 AD2d 706, 710 [1980]). Moreover, the probative value of that evidence outweighed any prejudice to the defendant, particularly in light of the County Court's cautionary instructions that the evidence was to be considered only on the issue of the victim's state of mind, which was an element of the crimes of criminal contempt in the first degree and stalking in the second degree (*see* Penal Law § 120.40 [5] [b]; § 120.50 [3]; § 120.55 [2]; § 215.51 [b] [iii]; *People v Cook*, 93 NY2d at 840; *People v Marji*, 43 AD3d at 961; *People v Negrette*, 218 AD2d 751 [1995]).

The defendant's contention that his convictions of criminal contempt in the first degree and stalking in the second degree were not supported by legally sufficient evidence is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court erroneously admitted evidence that the defendant referred to a "casket" in correspondence to the victim, as the evidence was not probative of any element of the crimes with which the defendant was charged (*see People v Leeson*, 12 NY3d at 826-827). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Grant*, 7 NY3d 421, 424-425 [2006]; *People v Brown*, 98 NY2d 226, 235 [2002]).

The defendant's contention that it was illegal to impose consecutive sentences is without merit (*see generally People v Brathwaite*, 63 NY2d 839 [1984]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention that the County Court erred in issuing an order of protection is unpreserved for appellate review,

as he failed to challenge the issuance of the order of protection at sentencing or to seek vacatur of the final order of protection (*see* CPL 470.05 [2]; *People v Goldberg*, 16 AD3d 519, 520 [2005]).

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.