■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WHITLEY, Appellant. [922 NYS2d 446]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 21, 2009, convicting him of criminal contempt in the first degree, criminal mischief in the fourth degree, and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to dismiss the indictment on the ground that no valid order of protection existed, and therefore he could not be found in criminal contempt for a violation thereof (*see* Penal Law § 215.51 [b] [v]).

Insofar as the defendant's contentions concern the legal sufficiency of the evidence before the grand jury, he is not entitled to review of that issue on this appeal (*see* CPL 210.30 [6]; *People v Parker*, 74 AD3d 1365 [2010]).

In any event, the defendant's contentions are without merit. The complainant obtained a temporary order of protection against the defendant dated September 5, 2007, in effect until March 4, 2008. The indictment accused the defendant of violating that order on December 5, 2007, when the order was still in effect (*see Matter of Neal v White*, 46 AD3d 156 [2007]; *People v Scott*, 2 AD3d 653 [2003]). The hearing court therefore properly denied that branch of the defendant's omnibus motion which was to dismiss the indictment.

Contrary to the defendant's contention, the trial court properly permitted the prosecution to introduce evidence of his prior acts of abuse against the complainant. This evidence was properly admitted into evidence as relevant background material regarding the defendant's relationship with the complainant, to explain the issuance of a temporary order of protection, and as evidence of the defendant's motive and intent in the commission of the charged crimes (*see People v Hanson*, 30 AD3d 537 [2006]; *People v DeJesus*, 24 AD3d 464 [2005]; *People v Doyle*, 15 AD3d 674 [2005]; *People v Lawrence*, 297 AD2d 290 [2002]; *People v Howe*, 292 AD2d 542 [2002]; *People v Shorey*, 172 AD2d 634 [1991]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.