THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX DEVAUGHN, Appellant. [925 NYS2d 114]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered September 9, 2004, convicting him of murder in the second degree (two counts) and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of January 9, 2000, the defendant and his accomplice got out of a car at a store in Queens, and drew guns on two men wearing expensive chains. A gunshot went off, and the defendant grabbed the chain from one of the victims and ran away. The man who had driven the defendant and his accomplice to the store testified that the accomplice admitted shooting the robbery victim, who died from his injuries.

At trial, the court allowed the People to introduce testimony from two men with whom the defendant participated in a string of similar robberies in the month before the robbery at issue. They both testified that the defendant complained to them that they were unavailable to assist him during the January 9 robbery, and they further testified that the defendant told them everything that had happened during the January 9 robbery. The Supreme Court also precluded defense counsel from asking the surviving robbery victim if the shooting could have been in retaliation for a drug-deal-related stabbing in which the robbery victims may have been involved.

The jury convicted the defendant of murder in the second degree (two counts) on a theory of felony murder, and robbery in the first degree (two counts). The defendant appeals.

The Supreme Court's discretion in making evidentiary rulings "is circumscribed by the rules of evidence and the defendant's constitutional right to present a defense" (*People v Carroll*, 95 NY2d 375, 385 [2000]). Although evidence of other crimes is generally inadmissible, it can be admitted, inter alia, to establish motive or to complete a narrative (*see People v Molineux*, 168 NY 264, 293 [1901]; *People v Vails*, 43 NY2d 364, 368 [1977]). In order to be " 'inextricably interwoven' " into a narrative, the evidence must relate directly to the crime charged, and explain the acts done or words used (*People v Crandall*, 67 NY2d 111, 116 [1986], quoting *People v Ventimiglia*, 52 NY2d 350, 361 [1981]). Here, the evidence of the prior robberies was admissible to provide the jury with a thorough understanding of the defendant's relationship with the prosecution witnesses, particularly as to why the defendant would speak freely to those witnesses about having committed the robberies at issue (*see People v Vega*, 23 AD3d 680, 681 [2005]; *People v Sime*, 254 AD2d 183, 184 [1998]; *cf. People v Harris*, 150 AD2d 723, 725 [1989]). Defense counsel waived the defendant's present argument that the Supreme Court's limiting instructions regarding this testimony were insufficient by stating on the record that he was satisfied with the limiting instructions, and by stating his belief that no further limiting instructions were needed (*People v Norman*, 40 AD3d 1128, 1129-1130 [2007]). The defendant's further contention that the prosecutor erroneously relied on this testimony during summation is unpreserved for appellate review (*see People v Jones*, 9 AD3d 374 [2004]; *People v Scotti*, 220 AD2d 543 [1995]) and, in any event, without merit (*see generally People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

When a defendant seeks to introduce evidence that a third party may have committed the crime, the court must weigh the probative value of such evidence against its potential for undue prejudice, trial delay, and jury confusion (*see People v Primo*, 96 NY2d 351, 356 [2001]). "[E]vidence of third-party culpability may not rest on mere suspicion, surmise, or speculation" (*People v Johnson*, 49 AD3d 664, 665 [2008]). Here, the Supreme Court properly precluded defense counsel from asking the surviving robbery victim if the shooting could have been perpetrated by a third party in retaliation for a drug-deal-related stabbing in which the robbery victims may have been involved, since this line of questioning was based only on speculation (*see e.g. People v Gamble*, 72 AD3d 544, 545 [2010], *lv granted* 15 NY3d 920 [2010]). The defendant's further contention that his Sixth Amendment right to confront witnesses was violated is unpreserved for appellate review and, in any event, without merit (*see*

*People v Walker*, 70 AD3d 870, 871 [2010]; *see generally Crawford v Washington*, 541 US 36, 53-54 [2004]).

Contrary to the defendant's contention, the indictment was not defective (*see* Penal Law § 125.25 [3]; *People v D'Angelo*, 98 NY2d 733, 735 [2002]). The defendant's final contention, that the Supreme Court improperly charged the jury, is unpreserved for appellate review (*see People v Stapleton*, 41 AD3d 744, 745 [2007]) and, in any event, without merit (*see generally People v Ladd*, 89 NY2d 893, 895 [1996]; *cf. People v Flynn*, 79 NY2d 879, 881-882 [1992]). Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.