■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER DELANCEY, Appellant. [942 NYS2d 170]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 11, 2009,

convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony regarding two prior disputes he had with one of the victims, one of which occurred several weeks prior to the subject incident, and the other of which occurred only hours before the subject incident, was relevant to his motive and provided background information on the nature of the relationship between the defendant and the victims, and the probative value of the evidence outweighed any prejudice to the defendant (*see People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Cook*, 93 NY2d 840 [1999]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Gamble*, 72 AD3d 544, 546 [2010], *affd* 18 NY3d 386 [2012]; *People v Marji*, 43 AD3d 961 [2007]; *People v Williams*, 27 AD3d 673 [2006]). Moreover, the Supreme Court's cautionary instructions limited any potential prejudice to the defendant (*see People v Torres*, 78 AD3d 866 [2010]; *People v Marji*, 43 AD3d 961 [2007]; *People v Ortiz*, 273 AD2d 482 [2000]).

The contentions raised in the defendant's pro se supplemental brief that the evidence was legally insufficient to support the jury's verdict on the counts of murder in the second degree and attempted murder in the second degree are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt on those counts beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109

[2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The remaining contentions raised in the defendant's pro se supplemental brief are unpreserved for appellate review, and, in any event, are without merit. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.