# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**980**

**KA 10-02456**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

PAUL PYTLAK, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 19, 2010. The judgment convicted defendant, upon a jury verdict, of aggravated criminal contempt (three counts) and stalking in the fourth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of aggravated criminal contempt (Penal Law § 215.52 [3]) and two counts of stalking in the fourth degree (§ 120.45 [2]). We reject defendant's contention that County Court erred in admitting testimony concerning defendant's prior conduct toward the victim. That testimony was relevant to establish defendant's motive and intent in committing the crimes charged (*see People v Long*, 96 AD3d 1492, 1493; *People v Perez*, 67 AD3d 1324, 1325-1326, *lv denied* 13 NY3d 941; *People v Freece*, 46 AD3d 1428, 1428-1429, *lv denied* 10 NY3d 811); to establish that the victim had a reasonable fear of physical injury (*see* § 215.51 [b] [iii]; *People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857); and to establish that defendant's violation of the order of protection was neither innocent nor inadvertent (*see People v Perez*, 49 AD3d 903, 903, *lv denied* 10 NY3d 938; *see also People v Guiteau*, 267 AD2d 1094, *lv denied* 94 NY2d 920). Moreover, the court properly determined that the probative value of that testimony outweighed its potential for prejudice (*see People v Dizak*, 93 AD3d 1182, 1184, *lv denied* 19 NY3d 972; *People v Ditucci*, 81 AD3d 1249, 1250, *lv denied* 17 NY3d 794; *see generally People v Alvino*, 71 NY2d 233, 241-242).

Defendant's challenge to the legal sufficiency of the evidence with respect to the conviction of aggravated criminal contempt is not preserved for our review because he failed to renew his motion for a

trial order of dismissal after presenting proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, defendant's challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crime of aggravated criminal contempt as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to that crime (*see People v Curry*, 82 AD3d 1650, 1650-1651, *lv denied* 17 NY3d 805; *People v Van Duser* [appeal No. 2], 277 AD2d 1034, 1035, *lv denied* 96 NY2d 739; *see generally Bleakley*, 69 NY2d at 495).  "[T]he jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801).

Finally, we reject defendant's contention that he was denied effective assistance of counsel.  Because the evidence is legally sufficient to support defendant's conviction of aggravated criminal contempt, it cannot be said that defense counsel's failure to renew the motion for a trial order of dismissal constitutes ineffective assistance of counsel (*see People v Holt*, 93 AD3d 1304, 1305; *People v Washington*, 60 AD3d 1454, 1455, *lv denied* 12 NY3d 922; *see generally People v Baldi*, 54 NY2d 137, 147).  Also, defendant has failed to "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to obtain the victim's mental health records (*People v Rivera*, 71 NY2d 705, 709; *see People v Castleberry*, 265 AD2d 921, 921-922, *lv denied* 94 NY2d 902).  Based on the record before us, we conclude that defendant received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712-713; *Baldi*, 54 NY2d at 147).

Entered:  October 5, 2012                          Frances E. Cafarell
                                                   Clerk of the Court