Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered November 3, 2010, convicting him of rape in the first degree, burglary in the second degree, and aggravated criminal contempt, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that he was deprived of his right to a fair trial by the admission of certain uncharged crime evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Rios, 96 AD3d 978, 978 [2012]; People v Torres, 96 AD3d 881, 882 [2012]), and, in any event, is without merit. The evidence provided relevant background information on the nature of the defendant’s relationship with the complainant and the issuance of an order of protection, and the probative value of the evidence outweighed any prejudice to the defendant (see People v Leeson, 12 NY3d 823, 827 [2009]; People v Delancey, 94 AD3d 1015, 1016 [2012]; People v Laverpool, 52 AD3d 622, 622 [2008]). Moreover, the Supreme Court’s instruction to the jury regarding use of this evidence limited any potential prejudice to the defendant (see People v Delancey, 94 AD3d at 1016; People v Rock, 65 AD3d 558, 559 [2009]).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s claim, raised in his pro se supplemental brief, *709 that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a “ ‘mixed claim! ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Eng, EJ., Rivera, Lott and Miller, JJ., concur.