■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO A. CERNA, Appellant. [44 NYS3d 916]—Appeals by the defendant from two judgments of the County Court, Rockland County (Thorsen, J.), both rendered March 24, 2015, convicting him of criminal possession of stolen property in the fourth degree under indictment No. 13-00502 and criminal mischief in the second degree under indictment No. 13-00529, upon his pleas of guilty (Nelson, J.), and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claim of ineffective assistance of counsel with respect to the voluntariness of his plea under indictment No. 13-00502 is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Taylor*, 98 AD3d 593, 594 [2012], *affd sub nom. People v Heidgen*, 22 NY3d 259 [2013]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Because the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Taylor*, 98 AD3d at 594; *see also People v Delancey*, 94 AD3d 1015 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant's valid waiver of his right to appeal under indictment No. 13-00529 (*see People v Lopez*, 6 NY3d 248, 256-

257 [2006]) precludes our review of his challenge to the County Court's suppression determination (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Gulifield*, 138 AD3d 1139, 1139-1140 [2016]; *People v Hicks*, 134 AD3d 854 [2015]; *People v Dupree*, 130 AD3d 752, 753 [2015]). Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.