People v Stewart (2019 NY Slip Op 04005)





People v Stewart


2019 NY Slip Op 04005


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11101
 (Ind. No. 2305/15)

[*1]The People of the State of New York, respondent,
v
Jesse Stewart, appellant.


Mark Diamond, New York, NY, for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered July 29, 2016, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (John B. Collins, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his statement made to a police detective prior to being given Miranda warnings (see Miranda v Arizona, 384 US 436), was voluntary and spontaneous and not the result of any police conduct or questioning which reasonably could have been expected to elicit an inculpatory response from him (see People v Gonzalez, 75 NY2d 938, 939-940; People v Foster, 153 AD3d 853, 854; People v Wallace, 128 AD3d 866, 866). Accordingly, we agree with the hearing court's determination to deny that branch of the defendant's omnibus motion which was to suppress that statement.
The defendant's Batson challenges (see Batson v Kentucky, 476 US 79) were properly denied (see People v Hecker, 15 NY3d 625, 663-664; People v Terrell, 149 AD3d 1108; People v Rubin, 143 AD3d 846, 846). The defendant did not claim that the prosecutor's race-neutral reasons for striking two prospective jurors were in fact pretextual, and, in any event, the reasons proffered were not pretextual.
The defendant's challenge to the admission of evidence of a motive for the robbery, based upon the fact that one of the victims was involved in a fraudulent check-cashing scheme with the defendant, is without merit. The evidence was part of the narrative of the events, and was probative of the defendant's motive for robbing an acquaintance who knew and could identify him (see People v Devaughn, 84 AD3d 1394).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), [*2]we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 508). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court