People v Ramirez (2019 NY Slip Op 03996)





People v Ramirez


2019 NY Slip Op 03996


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-01273
 (Ind. No. 16-06267)

[*1]The People of the State of New York, respondent,
v
Ricardo Ramirez, appellant.


John P. Savoca, Yorktown Heights, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Capeci, J.), rendered December 19, 2017, convicting him of criminal contempt in the second degree, assault in the third degree, and harassment in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, upon the exercise of our factual review power (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the County Court's determination to permit the People to introduce evidence of the defendant's prior bad acts against the complainant. This evidence was relevant background material regarding the defendant's relationship with the complainant, to explain the issuance of a temporary order of protection, and as evidence of the defendant's motive and intent in the commission of the charged crimes (see People v Bittrolff, 165 AD3d 690, 691; People v Reddick, 104 AD3d 708, 708; People v Whitley, 83 AD3d 1107, 1108; People v Hanson, 30 AD3d 537, 538).
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court