■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN P. COTTON, Appellant. [627 NYS2d 192] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: We conclude that defendant's conviction of assault in the first degree (Penal Law § 120.10 [3]) is supported by legally sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The proof establishes that defendant repeatedly forced his 16-day-old infant son's head face down into the cushions of a couch and that he flipped the infant over by his leg, causing a spiral fracture of the tibia. That proof, coupled with the testimony of the People's medical expert, when viewed in its most favorable light, is sufficient to establish that defendant's conduct created a grave risk of death to the infant and caused the infant serious physical injury *(see, People v Hines,* 158 AD2d 972; *People v Lucchese,* 127 AD2d 699, 700-701, *lv denied* 69 NY2d 1006).

We conclude, however, that defendant's conviction of reckless endangerment in the first degree cannot stand. Reckless endangerment in the first degree (Penal Law § 120.25) is a lesser included offense of assault in the first degree (Penal Law § 120.10 [3]; *see, People v Wilson,* 129 AD2d 514, 514-515, *lv denied* 70 NY2d 719; *People v Gutierrez,* 105 AD2d 754, 755). Because defendant was convicted of the greater offense, the lesser inclusory concurrent count of the indictment must be dismissed *(see,* CPL 300.40 [3] [b]; *People v Robinson,* 45 NY2d 448, 453-454; *People v Grier,* 37 NY2d 847, 848; *People v Lugo,* 53 AD2d 650). Consequently, we reverse that part of the judgment convicting defendant of reckless endangerment in the first degree, vacate the sentence imposed thereon and dismiss count two of the indictment.

We reject the contention that defendant was deprived of effective assistance of counsel. Trial counsel's representation of defendant, viewed in totality, provided defendant with meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147; *People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment

of Steuben County Court, Bradstreet, J.—Assault, 1st Degree.) Present—Fallon, J. P., Wesley, Doerr, Balio and Boehm, JJ.