◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR MCGUFFIE, Appellant. [764 NYS2d 729] —Crew III, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered March 7, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1997, defendant was sentenced to six months' incarceration and five years' probation as the result of his conviction of the crimes of attempted assault in the second degree and attempted robbery in the second degree. While still serving his sentence of probation, defendant was arrested and charged with criminal possession of a narcotic drug with the intent to sell and criminal possession of a controlled substance in the fifth degree. County Court found defendant guilty of violating the terms of his probation based upon his commission of these other crimes, revoked his probation and sentenced him to concurrent prison terms of 2 to 4 years on his conviction of attempted robbery in the second degree, a class D violent felony offense, and 1½ to 3 years on his conviction of attempted assault in the second degree, a class E nonviolent felony offense.

Defendant appeals, contending that the sentences imposed by County Court were illegal because the minimum sentences were one half of the maximum sentences when the minimum sentences should have been one third of the maximum sentences. In August 1997, when defendant's crimes were committed, the provisions of Penal Law § 70.02 (4) (L 1995, ch 3, § 4) were in effect, requiring that "a first-time violent felon who is sentenced to State prison must receive a minimum term that is one-half of the maximum" (Governor's Approval Mem, Bill Jacket, L 1995, ch 3, § 7). Hence, having been convicted as a first-time felony offender of attempted robbery in the second

degree, a class D violent felony offense, defendant's sentence of 2 to 4 years' imprisonment was legal (*see People v Correa*, 248 AD2d 630, 631 [1998], *affd* 93 NY2d 821 [1999]).

County Court did, however, err by imposing a sentence of 1½ to 3 years upon defendant's conviction of attempted assault in the second degree. The sentencing guidelines applicable to this class E nonviolent felony, also committed in August 1997, provide for a minimum term of incarceration of not "less than one year nor more than one-third of the maximum term imposed" (Penal Law § 70.00 [3] [b]). Hence, a sentence of 1 to 3 years would have been legal while the sentence imposed of 1½ to 3 years was not.* Accordingly, defendant's sentence in this regard is vacated, and this matter is remitted to County Court for resentencing.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed a sentence of imprisonment of 1½ to 3 years upon defendant's conviction of the crime of attempted assault in the second degree; said sentence vacated and matter remitted to the County Court of Clinton County for resentencing; and, as so modified, affirmed.

---

* It is worth noting that because the sentences imposed upon defendant are concurrent, this error has no impact upon the minimum sentence that defendant is required to serve.