■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL MACON, Appellant. [788 NYS2d 103]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J., at hearing; Robert H. Straus, J., at jury trial and sentence), rendered June 12, 2002, convicting defendant of assault in the first degree (two counts) and reckless endangerment in the first degree, and sentencing him to concurrent terms of 18 years on the assault convictions concurrent with a term of 2 to 6 years on the reckless endangerment conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the reckless endangerment conviction and dismissing that count of the indictment, and otherwise affirmed.

The court properly denied defendant's suppression motion. Defendant's arguments improperly rely on trial testimony (*People v Abrew*, 95 NY2d 806, 808 [2000]) and are unavailing in any event. The hearing record establishes that defendant voluntarily appeared at the police station on two occasions, that he was never subjected to custodial interrogation (*see Thompson v Keohane*, 516 US 99, 112 [1995]; *People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]), and that he was not arrested or otherwise seized until after his ultimate, inculpatory statement. Moreover, even though the police were not required to administer *Miranda* warnings, they did so at the first interview and reminded defendant of these warnings at the second interview.

The verdict was not against the weight of the evidence. Defendant, who injured two bystanders while engaging in a gunfight at a crowded theater, was properly convicted of assault under a depraved indifference theory (*see* Penal Law § 120.10 [3]; *People v Russell*, 91 NY2d 280 [1998]). Defendant's acquit-

tal of another charge does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]). However, the court should have dismissed the reckless endangerment count as a lesser included offense of the first-degree assault convictions (*see People v Cotton*, 214 AD2d 994 [1995], *lv denied* 86 NY2d 733 [1995]). Concur—Buckley, P.J., Tom, Andrias, Marlow and Ellerin, JJ.