■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY T. GLANDA, Appellant. [794 NYS2d 712]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Moynihan, Jr., J.), rendered June 5, 2001 in Essex County, upon a verdict convicting defendant of the crimes of aggravated assault upon a police officer, assault in the first degree and reckless endangerment in the first degree, and (2) by permission, from an order of said court, entered November 19, 2002 in Essex County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In the early morning hours of September 19, 1997, an unsuccessful arrest attempt by members of the Bureau of Criminal Investigation of the New York State Police resulted in several unmarked police vehicles pursuing defendant easterly along State Route 86 in the Town of Saranac Lake, Essex County, at speeds reaching 80 miles per hour. During this pursuit, a marked State Police patrol car attempted to stop or slow defendant by use of a "rolling roadblock," but defendant eventually passed and pursuit by at least three vehicles continued. In response to information received from another officer, Sergeant Michael St. Louis of the Lake Placid Village Police Department set up a "stationary roadblock" with his marked and lighted police car across Route 86 at its intersection with Old Military Road. As defendant's pickup truck approached, giving no indication of an intention to stop, St. Louis started backing out of Route 86 into Old Military Road. Defendant suddenly turned into Old Military Road and crashed into the police vehicle, left front to left front. As a result, defendant was indicted for attempted murder in the first degree, aggravated assault upon a police officer, two counts of assault in the first degree and reckless endangerment in the first degree.

Following a jury trial, at which Supreme Court dismissed one count of assault in the first degree, the jury returned a verdict of not guilty of attempted murder in the first degree and guilty on all other counts. Supreme Court sentenced defendant to a term of imprisonment of 12½ to 25 years. Thereafter, defendant, pro se, moved pursuant to CPL 440.10 to vacate the judgment of conviction. Supreme Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and the order denying his CPL 440.10 motion.

Of the numerous points raised by defendant's appellate counsel and defendant in his pro se brief, only the issues of the insufficiency of the evidence and alleged infringement of defendant's due process rights caused by prosecutorial misconduct warrant extended discussion. With respect to the sufficiency of the evidence, we begin by examining defendant's conviction for aggravated assault upon a police officer. A person is guilty of this crime when, "with intent to cause serious physical injury to a person whom he knows or reasonably should know to be a police officer . . . engaged in the course of performing his official duties, he causes such injury by means of a . . . dangerous instrument" (Penal Law § 120.11). Defendant argues that the trial evidence is insufficient to establish that defendant intended to cause serious physical injury, that the officer was not engaged in performing his official duties and that no serious

physical injury was inflicted upon the officer as a result of the collision.

In reviewing an insufficiency claim, we view the evidence in a light most favorable to the People to determine whether there is any valid line of reasoning, considering all permissible inferences which may be drawn from the evidence, which could lead a rational finder of fact to reach the conclusion reached by the jury (*see People v Brockway*, 277 AD2d 482, 484 [2000]; *People v Parkinson*, 268 AD2d 792, 793-794 [2000], *lv denied* 95 NY2d 801 [2000]). First, the record contains sufficient evidence of intent to cause serious physical injury. After having been pursued, at high speed, for approximately five miles, defendant suddenly, and without warning, at 70 miles per hour, turned off Route 86 into Old Military Road despite the fact that the marked, lighted police car was backing out of Route 86 attempting to move to a position of safety. Notably, the intersection is approximately 200 feet wide and defendant had ample room on either side of the police car to maneuver around it but, instead, he drove directly into it. Moreover, there is ample evidence from St. Louis, his treating doctor and his physical therapist that he suffered a serious injury because of protracted impairment of health (*see* Penal Law § 10.00 [10]). More problematic is whether St. Louis was engaged in the performance of his official duties at that time. Because the officer was two miles outside the geographic area of his employment and had no knowledge of who was being pursued or why pursuit was in progress, defendant argues that St. Louis could not have lawfully arrested defendant (*see* CPL 140.10 [2]) and, therefore, he was present only as a volunteer or private citizen. We disagree. Whether St. Louis could have made a lawful arrest is a separate issue from whether he was performing his official duties when, as requested, he set up a roadblock to aid the State Police in capturing a fleeing fugitive so that *they* could arrest him. Notably, St. Louis was not asked to arrest defendant, nor did he do so (*see e.g. People v Nenni*, 269 AD2d 785, 785-786 [2000], *lv denied* 95 NY2d 801 [2000]). Moreover, there is no evidence that St. Louis acted other than in his capacity as a police officer.

Next, defendant's conviction of assault in the first degree required proof that, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] serious physical injury to another person" (Penal Law § 120.10 [3]). The circumstances of the pursuit, the speeds with which defendant attempted to flee, the passing of a marked State Police vehicle at the crest of a grade, the refusal

to stop in the face of a "stationary roadblock," and the resultant collision support the jury's verdict with respect to this crime. Indeed, defendant's only challenge to this conviction is that St. Louis did not sustain the required serious physical injury, an issue already previously resolved herein. Next, we need not reach defendant's insufficiency of evidence argument with respect to his conviction for reckless endangerment in the first degree since this charge is a lesser included offense of assault in the first degree and, as such, should have been dismissed following the rendition of the verdict (*see People v Grier*, 37 NY2d 847, 848 [1975]; *People v Macon*, 14 AD3d 413, 414 [2005]; *People v Cotton*, 214 AD2d 994, 994 [1995], *lv denied* 86 NY2d 733 [1995]).

We next turn to defendant's contention that he was denied due process as a result of prosecutorial misconduct. First, defendant asserts that the number of charges brought was prejudicial, unnecessary and denied him a fair trial. We disagree. A District Attorney is vested with sufficient discretion to determine what crimes should be charged and the manner in which such crimes are prosecuted (*see People v Harper*, 75 NY2d 313, 318 [1990]; *People v Zimmer*, 51 NY2d 390, 394 [1980]). While defendant was charged with all possible offenses stemming from the incident in question, the record belies any abuse of such discretion on the part of the District Attorney, and such is not established merely by dismissal of one count of assault in the first degree as surplusage at the close of the proof. Likewise, we find no denial of a fair trial as a result of the prosecutor's summation. Initially, we observe that defendant only objected once to the prosecutor's summation, the objection was sustained and Supreme Court gave an immediate curative instruction, despite the absence of any request by defendant. In our view, the prosecutor's summation constituted fair comment on the evidence and was an appropriate rebuttal to defense counsel's summation in which he attacked the People's witnesses (*see People v Barber*, 13 AD3d 898, 900 [2004], *lv denied* 4 NY3d 796 [2005]; *People v Geddes*, 258 AD2d 679, 681 [1999], *lv denied* 93 NY2d 970 [1999]). Although during summation the prosecutor labeled the defense expert's testimony as false or fabricated (*see People v Skinner*, 298 AD2d 625, 626-627 [2002]), we conclude that this did not rise to the level requiring reversal (*see People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]), as defendant has failed to establish that the prosecutor's comments, in light of the strength of the trial evidence, in any way prejudiced the jury (*see People v Halm*, 81 NY2d 819, 821 [1993]).

We have carefully examined the rest of counsel's arguments

and also find them unpersuasive. We find no abuse of discretion in the trial judge's refusal to recuse himself (*see People v Moreno*, 70 NY2d 403, 405 [1987]; *People v Horton*, 18 NY2d 355, 362 [1966]), even though he presided over a previous trial involving the same defendant (*see People v Saunders*, 301 AD2d 869, 871-872 [2003], *lv denied* 100 NY2d 542 [2003]). The *Sandoval* ruling made in connection with the previous trial was irrelevant here because the People did not seek to use any prior bad acts as in the previous trial.

Defendant did not request that lesser included offenses be charged so this issue has not been preserved for our review (*see People v David*, 255 AD2d 620, 621 [1998]). Supreme Court's refusal to give defendant a missing witness charge was not error as the testimony of the uncalled witness would be cumulative (*see People v Macana*, 84 NY2d 173, 180 [1994]; *People v Chaney*, 298 AD2d 617, 620 [2002], *lv dismissed and denied* 100 NY2d 537 [2003]). The single error that defendant argues resulted in ineffective assistance of counsel is, in the context of the entire trial, so insubstantial as to have virtually no impact on defendant's right to a fair trial (*see People v Kirk*, 290 AD2d 805, 807 [2002]). Moreover, the totality of the record demonstrates unequivocally the effectiveness of counsel (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Gaddy [Turner]*, 2 AD3d 891, 892 [2003], *lvs denied* 2 NY3d 799, 808 [2004]). Nor do we find merit in defendant's contentions that the sentence was illegal, harsh and excessive. Although it is clear that Supreme Court began to sentence defendant with respect to a previously dismissed count, it realized its error and made an appropriate correction. As defendant was convicted of a class B violent felony, which at the time required an indeterminate prison term with a minimum of one half the maximum (*see* Penal Law former § 70.02 [1] [a]; *People v McGuffie*, 308 AD2d 636, 636 [2003], *lv denied* 1 NY3d 576 [2003]), the sentence fell within the statutory parameters. Neither a clear abuse of discretion nor extraordinary circumstances are present so no basis exists to disturb the sentence (*see People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Gregory*, 290 AD2d 810, 811 [2002], *lv denied* 98 NY2d 675 [2002]).

Lastly, we address the denial of defendant's pro se CPL 440.10 motion. His attempt to relitigate the alleged unauthorized appearance of a Kings County Assistant District Attorney before the grand jury which returned this indictment is barred by our previous decision (*see People v Glanda*, 5 AD3d 945 [2004], *lvs denied* 3 NY3d 640, 674 [2004], *cert denied* — US —, 125 S Ct 973 [2005]). The other argument alleges that the State Police and

District Attorney "staged" the severity of the accident results by further damaging the vehicles postaccident. We find no abuse of discretion in Supreme Court's denial of the motion, without a hearing, regarding this speculative and conclusory allegation (*see People v Turcotte*, 252 AD2d 818, 820 [1998], *lv denied* 92 NY2d 1054 [1999]). Moreover, the nonspeculative portions of the motion address facts contained in the trial record and known at the time of conviction. Thus, no evidentiary hearing was required (*see People v Saunders, supra* at 870; *People v Burt*, 246 AD2d 919, 923 [1998], *lv denied* 91 NY2d 1005 [1998]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment and order are modified, on the law, by reversing defendant's conviction of reckless endangerment in the first degree under count 14 of the indictment; said count dismissed; and, as so modified, affirmed.