# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

770

KA 10-02077

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

WILLIAM LONG, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 2, 2010. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the second degree and stalking in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of criminal contempt in the second degree (Penal Law § 215.50 [3]) and stalking in the fourth degree (§ 120.45 [2]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence supporting the conviction inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). We reject defendant's further contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), and affording great deference to County Court's credibility determinations (*see People v White*, 43 AD3d 1407, 1408, *lv denied* 9 NY3d 1010), we conclude that the alleged deficiencies in the evidence are not so substantial as to render the verdict against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We also reject defendant's contention that the court erred in its *Molineux* ruling. It is well settled that evidence of a defendant's prior bad acts is admissible "to show (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant," where, as here, its probative value outweighs its risk of prejudice to defendant (*People v Alvino*, 71 NY2d 233, 242; *see People v Arafet*, 13 NY3d 460, 465; *People v Ventimiglia*, 52 NY2d 350, 359).

Defendant's prior behavior toward the complainant was admissible "to explain the issuance of an order of protection, to establish the defendant's motive and intent in the commission of the crimes, and to establish the complainant's state of mind" (*People v Melendez*, 8 AD3d 680, 681, *lv denied* 3 NY3d 741; *see People v Morris*, 82 AD3d 908, 908-909, *lv denied* 17 NY3d 808).

Defendant's contention that he was denied the right to effective assistance of counsel likewise is lacking in merit.  Defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for the failure of defense counsel to file a more thorough CPL 250.10 notice of intent to proffer psychiatric evidence (*People v Rivera*, 71 NY2d 705, 709).  Upon our review of the record as a whole, we conclude that defense counsel provided meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712; *People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's remaining contention, the sentence is not unduly harsh or severe.  We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to a three-year term of probation upon the conviction of stalking in the fourth degree, a class B misdemeanor.  The sentencing minutes establish that the court imposed a one-year term of probation upon that count, to be served concurrently with the sentence of probation imposed on the remaining charge.  The certificate of conviction must therefore be amended accordingly (*see e.g. People v Carrasquillo*, 85 AD3d 1618, 1620, *lv denied* 17 NY3d 814; *People v Afrika*, 79 AD3d 1678, 1680, *lv denied* 17 NY3d 791).

Entered:  June 8, 2012                     Frances E. Cafarell
                                           Clerk of the Court