This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 87
The People &c.,
          Respondent,
     v.
Perry C. Griggs,
          Appellant.


          Alan Williams, for appellant.
          Michael J. Hillery, for respondent.


GARCIA, J.:

     We are asked on this appeal chiefly to determine whether errors made by the prosecution before the Grand Jury require dismissal of the indictment and whether defense counsel provided ineffective assistance in failing to timely object to these

- 1 -

errors.  We agree with the Appellate Division in the first instance that defendant's challenges are not preserved.  With respect to the ineffective assistance claim, we also agree with the Appellate Division's determination that counsel was not ineffective.  Defendant's remaining contentions regarding the legal sufficiency of the evidence and the fairness of his trial are partially unpreserved and otherwise meritless.

Defendant was charged with first degree robbery after he displayed a firearm during a dispute with a taxi driver and took $30 from the driver.  Defendant testified before the Grand Jury, where he was represented by counsel and shackled.  The victim also testified.  While the Grand Jury was sitting and before defendant testified, defendant's counsel made a timely request that the prosecutor arrange for defendant's ex-girlfriend (the "requested witness"), who was present for the beginning of the relevant dispute, to testify before the Grand Jury pursuant to CPL 190.50[6].  The requested witness had provided a sworn statement to the police on June 28, 2010 stating that she got out of the taxi at the beginning of the dispute and did not see anything afterwards.  Although the prosecution received the request, the prosecution did not inform the Grand Jury of defendant's request and the prosecution incorrectly included that person's name on the CPL 710.30 notice of witnesses that had identified defendant.  The Grand Jury subsequently returned an indictment charging defendant with robbery in the first degree.

Defendant moved under CPL 210.20 to dismiss the indictment based upon the legal insufficiency of the evidence presented to the Grand Jury; that motion was denied in June 2011.

During a court appearance later that month, defendant's counsel questioned the adequacy of the cautionary instruction, if any, that was given regarding defendant's appearance in restraints and mentioned an issue with the testimony of the requested witness before the Grand Jury, but said that he and the prosecutor had agreed to "address that at a later date." Later in that same proceeding, defendant raised his desire to proceed pro se, and the court instead appointed new defense counsel with whom defendant already had a relationship.

Two months later, at defendant's urging and after a full voir dire of defendant, the court granted the request to proceed pro se, relieved new counsel, and appointed that same counsel to advise defendant for the remainder of the proceedings. A jury returned a guilty verdict in October 2011 and defendant was sentenced to a twenty-year term of imprisonment based on his status as a second violent felony offender.

The Appellate Division unanimously affirmed the conviction and sentence, finding a majority of defendant's challenges unpreserved. The Appellate Division also noted that "[a]lthough we agree with defendant that he should not have been shackled when he testified before the grand jury, we conclude that reversal on that basis is not warranted. As the People correctly

contend, the prosecutor's cautionary instructions to the grand jury were sufficient to dispel any potential prejudice to defendant" (117 AD3d 1523 [4th Dept 2014]). The Appellate Division also noted that the failure to inform the Grand Jury of the requested witness, while unpreserved, also had no possibility of prejudicing defendant because "the witness did not observe the criminal transaction at issue" (id.). A Judge of this Court granted leave to appeal (24 NY3d 1120 [2015]) and we affirm.

On appeal, defendant argues that certain errors before the Grand Jury require dismissal of the indictment, namely, the fact that he was shackled; that the prosecution asked certain cross examination questions that referenced a pending indictment; and that the prosecution failed to inform the Grand Jury of the requested witness. None of these arguments are preserved, a fact which defendant concedes, and--contrary to his assertions on appeal--none implicate a mode of proceedings error.

Defendant argues that the preservation rule should be disregarded with respect to the shackling challenge because the prosecution inaccurately stated on the record that the Court had previously denied such a challenge when he sought to move to dismiss the indictment on that basis. No circumstances excuse the preservation requirement: defense counsel was present during the Grand Jury proceeding while defendant was shackled. In any event, the failure to make an adequate showing on the record of the need for restraints does not constitute an unwaivable mode of

proceedings error (see e.g. People v Cooke, 24 NY3d 1196, 1197 [2015]). Accordingly this challenge is unpreserved for this court's review.

Defendant made no attempt to preserve his challenge to the prosecution's questions before the Grand Jury of his awareness of the potential for increased penalties in an unrelated pending indictment as a result of his conviction in this matter. Such a challenge requires preservation (see e.g. People v Bowen, 50 NY2d 915, 917 [1980]).

Finally, defendant's challenge to the indictment based on the prosecution's failure to inform the Grand Jury about the requested witness is unpreserved. Here the record demonstrates that before defense counsel was relieved, he likely knew of the fact that the requested witness had not actually testified and was discussing the matter with the prosecution. Defendant relieved counsel before he could fully address the issue with the court, and defendant and his legal advisor, who were aware of and had every incentive to follow up and seek to preserve an objection on this basis, did not do so. Moreover, any error does not rise to the level of a mode of proceedings error.

Not surprisingly, defendant next attempts to argue that counsel's failure to preserve these claims constitutes ineffective assistance of counsel. This argument fails because defendant received meaningful representation from defense counsel. A defendant has received effective assistance "[s]o

long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 146-47 [1981]). We have previously determined that counsel's representation was effective even where defense counsel failed "to show up at the designated time to attend upon defendant's opportunity to testify before the Grand Jury" and arrived at the Grand Jury after an indictment had been voted (People v Wiggins, 89 NY2d 872, 873-74 [1996]).

Here, defense counsel's decision not to move to dismiss based on the questioning of defendant before the Grand Jury regarding a pending indictment was reasonable in light of the limited nature of the questioning and the remedial instruction provided. Moreover, defendant's conduct substantially affected counsel's ability to object and preserve arguments regarding the remaining issues. Counsel attempted to raise certain errors, particularly the shackling instruction and the absence of the requested witness's testimony, with the court and the prosecution prior to being relieved as counsel upon defendant's request. Counsel's ability to ensure all relevant objections were made was undermined by defendant's requests to proceed pro se. Furthermore, defendant and his legal advisor could have sought to cure any errors counsel made before he was relieved, and failed to do so (see People v Petgen, 55 NY2d 529, 535 [1982]). For

these reasons, defense counsel's failure to object to errors in the Grand Jury proceedings did not rise to the level of ineffective assistance of counsel.

Defendant's challenges to the legal sufficiency of the evidence are partially unpreserved[1] and otherwise meritless in light of the evidence upon which the jury could have based its decision. Finally, defendant's argument that he was deprived of a fair trial because of "[a] pattern of severe prosecutorial misconduct" is unpreserved (People v Rossi, 24 NY3d 968, 970 [2014]).

Accordingly, the Appellate Division order should be affirmed.

---

[1] Defendant's challenges to the sufficiency of the evidence that he stole property and consciously displayed a gun are unpreserved.

People v. Perry Griggs

No. 87

RIVERA, J.(concurring):

I agree with the majority that the challenges are unpreserved and on the facts of this case defendant was not denied effective assistance of counsel. To the extent the majority would shift blame for counsel's failure to defendant for seeking to proceed pro se, I disagree that defendant acted in such an obstructionist manner as to undermine his defense and his claims regarding his counsel's representation. However, counsel's inactions do not constitute ineffectiveness warranting reversal, even for failing to challenge defendant's appearance in shackles before the Grand Jury. The prosecutor's instructions concerning the shackling were less than ideal but minimally sufficient to avoid prejudice to defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed. Opinion by Judge Garcia. Chief Judge DiFiore and Judges Pigott, Abdus-Salaam and Stein concur; Judge Rivera concurs in a separate concurring opinion. Judge Fahey took no part.

Decided June 14, 2016

- 1 -