# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1253**
**KA 15-00420**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

WILLIE D. SMITH, III, DEFENDANT-APPELLANT.

---

THE LAW OFFICE OF GUY A. TALIA, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (SEAN R. STERLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 12, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, assault in the second degree, reckless endangerment in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of reckless endangerment in the first degree and dismissing count three of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [3]), assault in the second degree (§ 120.05 [9]), reckless endangerment in the first degree (§ 120.25), and endangering the welfare of a child (§ 260.10 [1]). As the People correctly concede, "[r]eckless endangerment in the first degree . . . is a lesser included offense of assault in the first degree" (*People v Cotton*, 214 AD2d 994, 994, *lv denied* 86 NY2d 733; *see People v Glanda*, 18 AD3d 956, 959, *lv denied* 6 NY3d 754, *reconsideration denied* 6 NY3d 848). We therefore modify the judgment by reversing that part convicting defendant of reckless endangerment in the first degree and by dismissing count three of the indictment.

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the evidence is legally insufficient (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit. The evidence is legally sufficient to establish that defendant was the perpetrator (*see People v McLain*, 80 AD3d 992, 996, *lv denied* 16 NY3d 897). The evidence established that

defendant's two-month-old child sustained broken arms, legs, and ribs that were in various stages of healing, and a fracture of the skull that had been recently inflicted. The child's mother testified that she observed defendant strike the child in the head three times with a closed fist the night before the child was treated at the hospital. The evidence further established that, with the exception of one evening approximately two weeks prior to the child being treated at the hospital, defendant and the child's mother were the only caretakers of the child. Contrary to defendant's contention, the mother's testimony was not incredible as a matter of law. "Testimony will be deemed incredible as a matter of law only where it is 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Smith*, 73 AD3d 1469, 1470, *lv denied* 15 NY3d 778), and that is not the case here. With respect to the conviction of assault in the first degree, the evidence is legally sufficient to establish that there was a grave risk of death to the child as a result of defendant's conduct and that the child sustained a serious physical injury (*see* Penal Law § 120.10 [3]; *see generally People v Borst*, 256 AD2d 1168, 1168, *lv denied* 93 NY2d 871). A radiologist testified that the child sustained a diffuse axial injury to the brain, which carried a high risk for coma and death. Viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[I]ssues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942), and we see no basis for disturbing the jury's credibility determinations in this case.

        Defendant failed to preserve for our review his contention that the indictment was facially duplicitous (*People v Becoats*, 17 NY3d 643, 650-651, *cert denied* ___ US ___, 132 S Ct 1970), or rendered duplicitous by the trial testimony (*see People v Allen*, 24 NY3d 441, 449-450), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that County Court erred in admitting evidence of prior acts of abuse by defendant against the child's mother. The testimony of the child's mother was admissible to show the mother's state of mind, i.e., to explain why she did not call the police sooner when she noticed injuries on the child (*see People v Justice*, 99 AD3d 1213, 1215, *lv denied* 20 NY3d 1012; *see also People v Bradford*, 118 AD3d 1254, 1256, *lv denied* 24 NY3d 1082; *People v Long*, 96 AD3d 1492, 1493, *lv denied* 19 NY3d 1027). We conclude that the probative value of that testimony outweighed any prejudice to defendant, and that any prejudice to defendant was also minimized by the court's limiting instructions (*see generally People v Carson*, 4 AD3d 805, 806, *lv denied* 2 NY3d 797).

        We reject defendant's contention that he was denied effective assistance of counsel. Inasmuch as we have concluded that the evidence is legally sufficient, defense counsel's failure to renew the

motion for a trial order of dismissal does not constitute ineffective assistance (*see People v Washington*, 60 AD3d 1454, 1455, *lv denied* 12 NY3d 922). Defense counsel's failure to move to dismiss count one of the indictment as rendered duplicitous by the trial testimony also does not constitute ineffective assistance. "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152). Here, had defense counsel objected during the trial, "[a]ny uncertainty could have easily been remedied" through a jury charge (*Allen*, 24 NY3d at 449), and defense counsel may have chosen to remain silent because defendant may have "prefer[red] to face one count (and thus one conviction) rather than several" (*Becoats*, 17 NY3d at 651). Defendant's challenges to defense counsel's cross-examination of the medical witnesses and failure to make certain objections during the prosecutor's direct examination of the child's mother constitute mere disagreements with matters of strategy that do not rise to the level of ineffective assistance (*see People v Ocasio*, 81 AD3d 1469, 1469-1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318). To the extent that defendant contends that counsel was ineffective in failing to call a particular witness, that contention involves matters outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440 (*see id.* at 1470). Defense counsel was not ineffective for failing to request a circumstantial evidence charge because such a charge is required only where the evidence against defendant is wholly circumstantial (*see People v Slade*, 133 AD3d 1203, 1207, *lv denied* 26 NY3d 1150), which is not the case here (*see People v Geddes*, 49 AD3d 1255, 1256-1257, *lv denied* 10 NY3d 863). We conclude, with respect to all of defendant's claims concerning the alleged ineffective assistance of counsel, that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant's contention that the grand jury proceeding was defective because the prosecutor engaged in misconduct by eliciting false testimony is without merit. "Upon our review of the grand jury proceeding, we conclude that [t]here is no indication that the People knowingly or deliberately presented false testimony before the [g]rand [j]ury, and thus there is no basis for finding that the integrity of the [g]rand [j]ury proceeding was impaired . . . by the alleged false testimony" (*People v Bean*, 66 AD3d 1386, 1386, *lv denied* 14 NY3d 769 [internal quotation marks omitted]). Defendant's further contention that the grand jury proceeding was defective because he appeared before the grand jury in shackles and jail attire is not preserved for our review (*see People v Griggs*, 27 NY3d 602, 605-606, *rearg denied* 28 NY3d 957), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the court increased the sentence because he chose to assert his right to a trial rather than to accept a plea bargain (*see People v Flinn*, 98 AD3d 1262, 1263-1264, *affd* 22 NY3d 599, *rearg denied* 23 NY3d 940). In any event, that contention is without merit (*see id.*). " '[T]he mere fact that a sentence imposed after trial is greater than

that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729, *lv denied* 5 NY3d 786).  Further, the record does not disclose any vindictiveness on the part of the court (*see People v Jackson*, 94 AD3d 1559, 1561, *lv denied* 19 NY3d 1026).

The certificate of conviction incorrectly reflects that defendant was sentenced as a second felony offender, and it must therefore be amended to reflect that he was sentenced as a second violent felony offender (*see People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court