People v Winston (2019 NY Slip Op 00719)





People v Winston


2019 NY Slip Op 00719


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


52 KA 15-00308

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAREN J. WINSTON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 29, 2015. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of criminal contempt in the second degree (Penal Law § 215.50 [3]) arising from her violation of an order of protection in favor of the victim. We affirm.
Contrary to defendant's contention, we conclude that County Court properly permitted the People to introduce evidence of certain prior bad acts by defendant involving the victim pursuant to Molineux because "[t]he evidence was relevant as [necessary] background material to enable the jury to understand . . . defendant's relationship with the [victim] and to explain the issuance of [the] order of protection' " (People v Delaney, 138 AD3d 1420, 1420-1421 [4th Dept 2016], lv denied 28 NY3d 928 [2016]; see People v Anderson, 120 AD3d 1548, 1548-1549 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]; People v Long, 96 AD3d 1492, 1493 [4th Dept 2012], lv denied 19 NY3d 1027 [2012]; see generally People v Dorm, 12 NY3d 16, 19 [2009]). Additionally, the evidence "was relevant to establish defendant's motive and intent in committing the crimes charged . . . and to establish that defendant's violation of the order of protection was neither innocent nor inadvertent" (People v Pytlak, 99 AD3d 1242, 1242-1243 [4th Dept 2012], lv denied 20 NY3d 988 [2012]; see People v Serrano, 164 AD3d 1658, 1659 [4th Dept 2018], lv denied — NY3d — [Dec. 11, 2018]; Long, 96 AD3d at 1493).
Contrary to defendant's further contention, we conclude that, "[a]lthough the court arguably could have better recited its discretionary balancing of the probity of such evidence against its potential for prejudice . . . , viewing the record in its entirety, the court conducted the requisite balancing test" (People v Lawrence, 141 AD3d 1079, 1081 [4th Dept 2016], lv denied 28 NY3d 1029 [2016] [internal quotation marks omitted]; see People v Holmes, 104 AD3d 1288, 1290 [4th Dept 2013], lv denied 22 NY3d 1041 [2013]). Moreover, the court properly determined that the probative value of the evidence outweighed its potential for prejudice (see Serrano, 164 AD3d at 1659; Pytlak, 99 AD3d at 1243).
As defendant correctly concedes, she did not preserve for our review her contention that the court erred in failing to provide limiting instructions with respect to the Molineux evidence (see Serrano, 164 AD3d at 1659), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, defendant failed to preserve for our review her further evidentiary challenge to portions of the victim's testimony (see People v Mitchell, 144 AD3d 1598, 1599 [4th Dept [*2]2016]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court